OPINION
On November 27, 1996, the Licking County Grand Jury indicted appellant, Jerry E. Moran, on two counts of aggravated robbery in violation of R.C. 2911.01(A)(1). Said charges arose from incidents wherein appellant robbed two stores while using a BB gun. On February 11, 1997, appellant pled no contest. By judgment entry filed March 4, 1997, the trial court sentenced appellant to four years on each count, to be served consecutively. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES.
 I
Appellant claims the trial court erred in sentencing him to consecutive sentences. Specifically, appellant claims the trial court failed to comply with the requirements of R.C. 2929.14. We disagree. The standard of review is whether we can clearly and convincingly find that the imposition of consecutive sentences was contrary to law. R.C. 2953.08. R.C. 2929.14 contains certain requirements that must be met before consecutive sentences may be imposed. In order to impose consecutive sentences when an offender is convicted of multiple offenses, a court must find consecutive service is necessary to protect the public from future crime or to punish the offender, the seriousness of the offenses requires consecutive service, or the danger posed to the public by the offender is great unless consecutive service is required. R.C.2929.14(E)(3). In addition, the statute provides that the trial court must find one or more of the following: a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or2929.18 of the Revised Code, or was under post-release control for a prior offense.
b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
During the sentencing hearing, the trial court found consecutive sentences were appropriate "because of the plan used, the great harm that was caused psychologically to these people." March 4, 1997 T. at 8. In its judgment entry on sentencing filed March 4, 1997, the trial court found "[t]he defendant's history of criminal conduct demonstrates that the defendant is likely to commit future crimes, and does not demonstrate remorse." While the trial court did not set forth the "magic words" of the statute, we find the trial court's findings, when taken together, fulfill the requirements of R.C. 2929.14(E)(3).
Appellant's sole assignment of error is denied. The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 __________ Farmer, J.
Gwin, J. concurs.
Edwards, P.J. dissents.